IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ISMAEL GERALDO GALINDO and YESENIA GALINDO, § § § § Plaintiffs, § § vs. § § FIELDSTONE MORTGAGE CO.; § RUSHMORE LOAN MANAGEMENT § SERVICES LLC; MORTGAGE § ELECTRONIC REGISTRATION § SYSTEMS, INC. (MERS) AS NOMINEE § FOR LENDER AND DOES 1-10, § INCLUSIVE, § § Defendants. § | | Case No. 7:22-cv-187 |

**DEFENDANTS RUSHMORE LOAN MANAGEMENT
SERVICES LLC'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Rushmore Loan Management Services LLC ("Rushmore") hereby removes this action from the 430th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support of such removal, Rushmore states as follows:

**I.
STATE COURT ACTION**

1. On June 6, 2022, Plaintiffs Ismael Geraldo Galindo and Yesenia Galindo ("Plaintiffs") filed Plaintiffs [sic] Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief (the "Original Petition") in the 430th Judicial District Court of Hidalgo County, Texas, in an action styled *Ismael Geraldo Galindo and Yesenia*

*Galindo vs. Fieldstone Mortgage Co.; Rushmore Loan Management Services, LLC; Mortgage Electronic Registration, Inc. (MERS) as Nominee for Lender; and Does 1-10 inclusive;* Cause No. C-2026-22-J (the "State Court Action"). Later, on June 6, 2022, Plaintiffs filed Plaintiffs [sic] [Amended] Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief ("Amended Petition") in the State Court Action, which is Plaintiffs' live pleading.

2. Plaintiffs assert claims for (1) wrongful foreclosure; (2) slander of title; (3) violation of the Consumer Protection Act; (4) slander of credit; (5) infliction of emotional distress; and (6) fraud in the concealment. Plaintiffs seek a temporary restraining order and permanent injunction restraining Defendants from taking, leasing, encumbering, selling, taking possession of, altering or destroying the property or disturbing Plaintiffs' peaceable possession and enjoyment of the property. Plaintiffs seek an award of economic damages, punitive damages, treble damages, exemplary damages, equitable relief, and costs of court.

3. The lawsuit was filed on June 6, 2022. Notice of Removal is therefore timely filed because it is filed within 30 days of filing of the lawsuit and any service thereof. *See* 28 U.S.C. §§ 1446(b)(1).

4. Rushmore removes the State Court Action to this Court based on federal question jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court because the lawsuit is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(7).

6. The United States District Court for the Southern District of Texas, McAllen Division has original jurisdiction over this action based on federal question jurisdiction because the Amended Petition asserts claims arising under federal law. *See* 28 U.S.C. § 1331.

7. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following material:

(a) **Exhibit A**: Civil Cover Sheet

(b) **Exhibit B**: A copy of the state court docket/transaction sheet.

(c) **Exhibit C**: Index of Documents Filed

**Exhibit C-1**: A copy of Plaintiffs' Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief

**Exhibit C-2**: A copy of Plaintiffs' (Amended) Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief

**Exhibit C-3**: A copy of Ex Parte Temporary Restraining Order (TRO; Order for Defendant to Show Cause Why Preliminary Injunction Should Not Issue to Stop Impending Foreclosure Sale)

**Exhibit C-4**: A copy of Citation, Notice to Show Cause and Temporary Restraining Order issued issued June 6, 2022 to Mortgage Electronic Registration Systems, Inc. (MERS)

**Exhibit C-5**: A copy of Citation, Notice to Show Cause and Temporary Restraining Order issued issued June 6, 2022 to Rushmore Loan Management Services, LLC

**Exhibit C-6**: A copy of Citation, Notice to Show Cause and Temporary Restraining Order issued issued June 6, 2022 to Fieldstone Mortgage Co.

**Exhibit C-7**: A copy of Defendant Rushmore Loan Management Services LLC and Mortgage Electronic Registration Systems, Inc's Original Answer and Affirmative Defenses to Plaintiffs' Amended Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief

(d) **Exhibit D**: List of All Counsel of Record

8. Simultaneously with the filing of this Notice of Removal, Rushmore is filing a copy of the Notice of Removal in the 430th Judicial District Court of Hidalgo County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.
### FEDERAL QUESTION JURISDICTION

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris,* 538 F.3d 334, 337-338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 690 (2006).

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because it arises under the laws of the United States. Plaintiffs allege the following claim and damages arising under federal law:

> **Defendants engaged in what is known as Dual Tracking prohibited also under federal law whereas Defendants here promised to adhere to Covid restrictions and engage in modification proceedings while at the same time behind Plaintiffs' back was initiating foreclosure proceedings**.
>
> …
>
> The Plaintiffs allege that the actions and inactions of the defendants have impaired their credit causing them to lose the ability to have good credit entitling them to damages, **including statutory punitive damages pursuant to state and federal law**, all to be proved at the time of trial

(Petition ¶¶ 40 and 41) (emphasis added)).

## IV.
## SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates,* 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'") (citation omitted).

12. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.,* 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164-65 (1977) (citations omitted)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiffs' state law claims share a common nucleus of operative facts with their federal claims in that Plaintiffs' claims in this matter are all based on alleged wrongful conduct relating to Plaintiffs' loan and the foreclosure of their property. Therefore, supplemental federal jurisdiction exists over Plaintiffs' state law claims.

## V.
## CONSENT TO REMOVAL OF MERS

13. Mortgage Electronic Registration Systems, Inc. (MERS) hereby consents to this Notice of Removal and the removal of the State Court Action to this Court.

# VI.
# CONCLUSION

WHEREFORE, Rushmore removes this action from the 430th Judicial District Court, Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ Jason L. Sanders

**Jason L. Sanders**
  Texas Bar No. 24037428
  Southern ID No. 597751
  jsanders@sanderscollins.com
  (214) 775-0631 Direct
  (214) 499-7709 Cell

**Caroline E. Allen**
  State Bar No. 24121320
  Southern ID No. 3708027
  callen@sanderscollins.com
  (214) 775-0635 Direct
  (575) 808-3206 Cell

SANDERS COLLINS PLLC
325 N. St. Paul St., Suite 3100
Dallas, Texas 75201
Main Telephone: (214) 775-0630
Facsimile: (214) 242-3004
www.sanderscollins.com

**ATTORNEYS FOR DEFENDANTS RUSHMORE LOAN MANAGEMENT SERVICES LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiffs via U.S. Mail and Certified Mail, Return Receipt Requested pursuant to the Federal Rules of Civil Procedure on this 17th day of June, 2022 to:

   Ismael Geraldo Galindo
   Yesenia Galindo
   15538 E. Davis Road
   Edinburg, Texas  78542
   eMail:  ya.galindo06@gmail.com
   Mobile:  (956) 279-7712
   ***Plaintiffs Pro Se***

                                              /s/ Jason L. Sanders
                                              Counsel for Defendants